IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAKEEM RASHED WHITE,**

    Petitioner,

v.                                                                    Civil Action No. 2:16cv89
                                                                        (Judge Bailey)

**JENNIFER SAAD, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On October 25, 2016, the *pro se* Petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging the career offender enhancement to his sentence, imposed in the United States District Court for the Eastern District of North Carolina. ECF No. 1 at 1 - 2. Along with his petition, White filed a motion to proceed as a pauper with a copy of his Prisoner Trust Fund Account Report and its Ledger Sheets. ECF Nos. 2 & 3. By Order entered October 26, 2016, White was granted permission to proceed as a pauper and directed to pay the $5.00 filing fee. ECF No. 5. Petitioner paid the requisite fee on November 26, 2016. ECF No. 8. On March 15, 2017, Magistrate Judge James E. Seibert made a preliminary review of the petition and determined that summary dismissal was not warranted, and issued an Order to Show Cause to the Respondent. ECF No. 9. On March 27, 2017, the Respondent filed a Motion to Dismiss for lack of jurisdiction with a memorandum in support, attaching copies of pleadings from other courts. ECF Nos. 12 & 13. On April 5, 2017, a Roseboro Notice was issued, and on April 12, 2107, Petitioner filed his response. ECF No. 16. On May 18, 2017, Petitioner filed a duplicate copy of his previous response. ECF No. 17. On

September 15, 2017, an Order was entered reassigning this case from Magistrate Judge Seibert to Magistrate Judge Michael J. Aloi.

## I. Factual and Procedural History

### A. Conviction and Sentence[1]

On December 3, 2008, Petitioner and a co-defendant were each charged in both counts of a two-count indictment by a Grand Jury sitting in the Eastern District of North Carolina with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base/crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with the intent to distribute 50 grams for more of cocaine base/crack, in violation of 21 U.S.C. §§ 841(a)(1).

On March 2, 2009, Petitioner pled guilty to Count One, conspiracy to possess with the intent to distribute 50 grams or more of cocaine base/crack. ECF No. 38.

At his September 17, 2009 sentencing, the Court noted that based on Petitioner's extensive criminal history dating back to his first felony drug offense at age 16, Petitioner had a criminal history category of IV, but because he was deemed a career offender, he moved up two levels. See Sentencing Transcript, ECF No. 80 at 3 - 4. His base offense level was 34; three points were added for being a career offender; but three points were taken off because of his acceptance of responsibility, giving him a guideline range of 262 to 327 months. Id. at 4 – 5; see also id. at 12-13. The Court denied defense counsel's objection to the career offender enhancement. Id. at 5 – 6. Defense counsel's motion for variance predicated on the disparity in sentencing between crack and powdered cocaine was denied. Id. at 12. However, the

---

[1] The information and citations in these sections are taken from Petitioner's underlying criminal case in the Eastern District of North Carolina, Case No. 5:08cr363-2, available on PACER. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Government's motion for a downward departure was granted, and Petitioner was sentenced to 157 months' imprisonment to be followed by 5 years of supervised release. Id. at 13 – 15; see also ECF No. 56.

**B. Direct Appeal**

Petitioner did not file a direct appeal.

**C. §2255 Motion(s)**

White's § 2241 petition is ambiguous as to whether he ever filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. See ECF No. 1 at 3. Nonetheless, a review of Petitioner's underlying criminal case docket reveals that Petitioner did file a § 2255 motion on July 19, 2012, arguing that his career offender sentence enhancement was erroneous in light of United States v. Simmons.[2] ECF No. 63. By Order entered January 21, 2014, White's § 2255 motion was denied as untimely filed and barred by the waiver in his plea agreement. ECF No. 82 at 3 - 4. Petitioner appealed. On March 16, 2015, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the district court. ECF No. 89.

## II. The Parties' Contentions

**A. Petitioner's Claims**

Petitioner raises a "[c]hallenge, [to the] Career Offender status and the plea waiver." ECF No. 1 at 4. In support, Petitioner contends that he never qualified as a career offender under federal law, and now, due to a substantial new change in state law, "made retroactive [to] both State and Federal [prisoners,] Petitioner's prior predicate offense[s] [that were] use[d] to make Petition a career offender is [sic] now deem[ed] none [sic] criminal offenses." Id. at 5. Petitioner further asserts that whoever prepared his PreSentence Investigation Report ("PSR") "miscalculated him as a being a career offender from the inception, because under federal law

---
[2] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

alone Petitioner's prior [sic] does not qualify as felony offenses [sic] under federal law[] [b]ecause all of Petitioner's prior predicate[] offenses carr[y] a sentence of 6 to 8 months disqualifying" them from being predicate offenses. Id. Therefore, he contends, even without the substantial new change in law "made retroactive," he could never have been a career offender under federal law. Id. Therefore, he asserts that he is serving an unconstitutional, illegal sentence. Id.

Upon careful review, it is evident that Petitioner's § 2241 petition is not actually on a court-approved § 2241 form petition; it is apparently a partial reproduction of one, incompletely filled out. Among other things, Petitioner left blank question Number 13 regarding whether the grounds raised in the petition had ever been presented to any other court. Id. at 8. Further, the petition is missing the final page containing question Number 16, asking whether, "[i]f a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or in effective to test the legality of the conviction." Nonetheless, elsewhere in his petition, White avers that he can "defeat the gatekeeper provision under 2255(e) due to facts that he from the inception was innocent of being a career offender which makes his 2255(e) inadequate and ineffective." Id. at 5.

As relief, Petitioner requests that his sentence be vacated and he be remanded for resentencing due to facts that will be presented to the court showing that he was never a career offender to begin with, because his predicate offenses were "unqualifying." Further, he argues that his plea waiver was unconstitutional, and it does not bar his eligibility for resentencing, because of the substantial new change in law "made retroactive and that was not foreseeable and outside the scope of the plea waiver during the plea procedure." Id. at 9.

**B. Respondent's Motion to Dismiss**

Respondent contends that the petition should be dismissed for lack of jurisdiction pursuant to Fed.R.Civ. P. 12(b)(1), because White cannot challenge his sentence in a § 2241 petition via the § 2255 savings clause, because he has not shown that § 2255 is inadequate or ineffective. ECF No. 3. White does not assert nor can he show that the drug conspiracy for which he was convicted and sentenced is no longer criminal. Id. at 6. By disputing the legal classification of his predicate convictions, White is challenging a sentencing factor, which is not cognizable in a habeas action. Id. at 7. He has not articulated any new rule of constitutional law upon which he relies, to attack his sentence. Id. at 8.

**C. Petitioner's Response in Opposition**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same and for the first time, asserts that he is entitled to relief under Carachuri-Rosendo v. Holder[3] and "Simmons."[4] ECF No. 16 at 1 – 5.

### III. Standard of Review

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

---

[3] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

[4] Petitioner does not identify which "Simmons" case he is referencing, but taken in context, the undersigned presumes it is United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(*en banc*).

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)).

In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-

pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed, such as "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted). Thus, a § 2241 petition that challenges a federal conviction and/or sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the Petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, to the extent that the Petitioner appears to be challenging his sentence as a career offender, such a challenge is not cognizable in a § 2241 action. Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to Petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the Petitioner's claim that he was actually innocent of being a career offender).

Here, the Petitioner cannot establish that the conduct for which he was actually convicted, conspiracy to possess with the intent to distribute 50 grams or more of cocaine base/crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846 is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Therefore, relying on the decision in Petty, and the guidance of the Fourth Circuit precedent, the undersigned concludes that the Petitioner has failed to state a cognizable § 2241 claim. See also Little v. Hamidullah, 177 F. Appx 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.Appx 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a Petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.Appx 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D. W.Va. May 1, 2012).

Petitioner makes an unclear argument in his reply to the Respondent's dispositive motion that he is entitled to relief under Carachuri-Rosendo because Carachuri-Rosendo v. Holder is retroactively applicable to cases on collateral review and it changed the law, rendering him actually innocent of his predicate convictions because he did not serve more than a year in prison for any of them. Thus, he contends that he could not be a career offender. Petitioner, however, misinterprets Carachuri-Rosendo. Carachuri-Rosendo "mandate[s] that prior state convictions must be classified on the basis of the maximum sentence which the particular defendant in question could have received under the applicable state sentencing scheme at the time of conviction." Latson v. O'Brien, No. 3:13-CV-28, 2013 WL 4400110 *6 (N.D. W.Va. Aug. 15, 2013).

Here, Petitioner's predicate offenses, partially enumerated by the sentencing court, were for felony possession with intent to sell or deliver marijuana; felony possession with intent to sell or deliver cocaine, both at age 23. See United States v. White, E.D.N.C. Case No. 5:08cr363, ECF No. 80 at 3. The sentencing Court further noted that Petitioner also had other drug charges, and his last conviction for possession of cocaine, another felony offense, was in 2007.[5] Id. Petitioner's convictions on these prior felonies are for crimes that were obviously punishable for imprisonment for more than one year and it is immaterial whether he actually served a year or more for the crimes: his career offender sentence establishes that he was convicted of crimes punishable as federal felonies. Accordingly, Carachuri-Rosendo did not render Petitioner actually innocent of the conspiracy to possess with the intent to distribute cocaine base charge

---

[5] In his petition, White lists his five prior state convictions as reported in his PSR: 1) "possession with intent to sell and deliver [marijuana], 3/1/99[, in] 99-cr-16928; 2) possession with intent to sell and deliver [cocaine], 4/21/99[, in] 99cr34064; sale and delivery of crack cocaine, 4/28/99 [in] 99cr34065; possession with intent to sell and deliver [marijuana], 5/12/06 in 06-crs-40014; and possession of cocaine, 12/20/07[, in] 07-crs-87007," arguing that all five only earned his "6 to 8 month sentences." See ECF No. 1 at 7.

for which he stands convicted, and, therefore, the Petitioner has not established the second element of Jones.

Finally, and notably, in light of Petitioner's failure to acknowledge in his petition that he had, indeed, raised at least some of his claims previously, Petitioner's claim that his waiver of the right to collaterally attack his sentence and his claim that he is entitled to relief under Simmons has already been raised and rejected by the sentencing court and the Fourth Circuit in his motion to vacate and appeal of the same. The sentencing court noted that the court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Further, it noted, this rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). See United States v. White, E.D.N.C. Case No. 5:08cr363, ECF No. 82 at 3.

"Generally, if a district court questions a defendant regarding the waiver of appellate right during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United State v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement fall within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529. Moreover, there, as here, Petitioner did not argue that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, in his motion to vacate, Petitioner suggested that he did not knowingly and voluntarily waive his rights to bring a collateral attack based upon Simmons, because neither party had any reason to believe that the substantive law would change under Simmons. See

11

United States v. White, E.D.N.C. Case No. 5:08cr363, ECF No. 82 at 4. He makes a similar argument here, and merely contends that his plea waiver was "unconstitutional." ECF No. 1 at 9. He also contends his Simmons claim falls outside of the scope of the plea waiver because his improper sentence constitutes a miscarriage of justice. ECF No. 16 at 5. As noted by the sentencing court, both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 - 30; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013)).

Accordingly, where, as here, when a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 12] be **GRANTED** and the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a**

**judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record. This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: October 6, 2017

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE